UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANPREET SINGH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ORESTES CRUZ<br><br>　　　　Respondents. | No. 1:26-cv-00732-DJC-CSK<br><br><br>ORDER |

　　　　Petitioner is a citizen and national of India who is presently in the custody of Immigration and Customs Enforcement ("ICE"). In August 2025, ICE arrested and detained Petitioner when he presented himself at a scheduled check-in. Petitioner filed a Petition for Writ of Habeas Corpus and Motion for Temporary Restraining Order alleging that his detention is unlawful and seeking immediate release. Because the Parties suggest that the Court should address the underlying merits, the Court GRANTS Petitioner's Habeas Petition.

**BACKGROUND**

　　　　Petitioner is a citizen and national of India who entered the United States in December 2021. (Habeas Petition ("Pet.") ¶¶ 1, 2.) Shortly after entering, Petitioner was apprehended by immigration officials, detained, and determined to be

1

inadmissible and subject to removal. (*Id.* ¶ 2.) In January 2022, Petitioner was released on parole under 8 U.S.C. § 1182(d)(5)(A). (*Id.*; (ECF No. 1-2, Ex. C).) Petitioner represents that he complied with all the conditions imposed by immigration authorities. (*Id.*) Petitioner filed for asylum and withholding of removal in May 2022 and received an employment authorization card issued by the United States Citizenship and Immigration Services ("USCIS"). (Pet. ¶ 2; (ECF No. 1-2, Ex. D); Mot. TRO (ECF No. 2) at 4.) Since his release in January 2022, Petitioner has lived in the United States, working as a truck driver and developing connections with his family and community. (Mot. TRO at 4.)

On August 24, 2025, Petitioner appeared at a scheduled ICE check-in where officers arrested him and took him into custody. (Pet. ¶ 3.) He was then served with a Notice to Appear. (*Id.*) Petitioner remains in custody at the Golden State Annex. (*Id.* ¶ 1.) On January 28, 2026, Petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order contending that his detention is unlawful. The Parties agree that the Court should reach the merits of the Petition. (Opp'n (ECF No. 8.) at 1–2; Reply (ECF No. 9) at 1.)

## DISCUSSION

### I.   Due Process

Count IV of the Petition alleges a violation of procedural due process. Petitioner argues that due process entitled him to a pre-deprivation hearing prior to his arrest and detention. (Mot. TRO at 10–12.) Respondents argue that Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Opp'n at 1.)

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. Individuals subject to mandatory detention are not without due process rights. *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here

is lawful, unlawful, temporary, or permanent"; *see also Doe v. Becerra,* 787 F. Supp. 3d 1083, 1091–93 (E.D. Cal. 2025) (finding a liberty interest for a petitioner under section 1225(b)(1)). The Due Process Clause generally "requires some kind of a hearing <u>before</u> the State deprives a person of liberty or property." *Zinermon v. Burch,* 494 U.S. 113, 127 (1990) (emphasis in original). Courts examine procedural due process claims in two steps. *Berrios v. Albarran,* No. 1:25-cv-01544-TLN-CSK, 2025 WL 3171140, at *2 (E.D. Cal. Nov. 13, 2025) (citing *Ky. Dep't of Corr. v. Thompson,* 490 U.S. 454, 460 (1989)). The first step asks whether a protected liberty interest under the Due Process Clause exists. *Id.* (citation omitted). The second step "examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Id.* (citation omitted).

### A. Petitioner has a Protected Liberty Interest.

Here, Petitioner has established a protected liberty interest. He was paroled into the United States pursuant to section 1182 for "urgent humanitarian reasons" or "significant public benefit." 8 U.S.C. § 1182(d)(5)(A). Courts, including this Court, have recognized that such grant of parole constitutes a protected liberty interest. *See See M.B. v. Noem,* No. 1:25-cv-00005-DJC-AC, 2026 WL 74155, at *3 (E.D. Cal. Jan. 9, 2026) (explaining that the government "endowed" petitioner with a protected liberty interest by releasing him on parole pursuant to section 1182(d)(5)(A)); *Chavarria v. Chestnut,* No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (collecting cases).

However, the documentation provided by Petitioner provides that his parole authorization was "valid for one year beginning" from January 21, 2022. (*See* (ECF No. 1-2, Ex. C). This is relevant because section 1182(d)(5)(A) provides that upon termination[1] of parole, a noncitizen "shall forthwith return or be returned to the

---

[1] On this record, it is unclear to the Court whether Petitioner's parole was properly terminated. *See M.B. v. Noem,* 2026 WL 74155, at *2 (E.D. Cal. Jan. 9, 2026); *Y-Z-L-H v. Bostock,* 792 F. Supp. 3d 1123, 114-46 (D. Or. 2025).

custody from which he was paroled," which Respondents represent to be section 1225(b)(2) custody. Nevertheless, the Court finds that the Government created a liberty through the "implicit promise" of continued release beyond the listed expiration date. *See Martinez-Gutierrez v. Noem,* No. 1:26-cv-00421-DJC-CSK, 2026 WL 279890, at *3 (E.D. Cal. Feb. 3, 2026) (collecting cases).

For the two years after the stated expiration, Petitioner represents that he abided by his reporting requirements, which included check-ins with ICE, without incident. (Pet. ¶ 80.) Petitioner also appears to have been granted work authorization that extends beyond the one-year expiration date. (*See* ECF No. 1-2, Ex. M.) In the time between January 2023 and August 2025, Petitioner established a life for himself (Pet. ¶ 21) based on the implied promise that he would remain released despite the dated expiration. Because Petitioner's "liberty interest [does] not expire along with his parole," *Omer G.G. v. Kaiser,* 1:25-cv-01471-KES-SAB, 2025 WL 3254999, at *5 (E.D. Cal. Nov. 22, 2025), the Court proceeds to determine what process he is due.

**B.   Petitioner is Entitled to a Pre-Deprivation Bond Hearing.**

Under *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court considers: 1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the Government's interest to determine what process is necessary to ensure that any deprivation of Petitioner's liberty interest accords with the Constitution.

Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. *Zadvydas*, 533 U.S. at 690. Petitioner remained out of custody for three years without incident. The risk of erroneous deprivation is also considerable. Civil immigration detention is "nonpunitive in purpose and effect" and, therefore, only justified when a noncitizen is a flight risk or danger to the community. *Zadvydas*, 533 U.S. at 690. Petitioner asserts, and Respondents do not contest, that Petitioner does not present either risk. Further, it is undisputed that Petitioner appeared for a scheduled check-in appointment with ICE when arrested. Respondents have not argued nor presented

any evidence that there has been a change in circumstance between the time of his entry into the United States and his detention on August 24, 2025.  Thus, the value of additional procedural safeguards here is substantial.  Finally, Respondents' interest in detention is low.  *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); see *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017).  The effort and cost required to provide Petitioner with procedural safeguards are minimal.

Having found that Petitioner has a liberty interest and determined, via the *Mathews* factors, that he is entitled to process, and that process should have been afforded to him prior to detention, the Court GRANTS Count IV of the Habeas Petition.[2]

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Petitioner Manpreet Singh shall be released immediately from Respondents' custody.  Respondents shall not impose any additional conditions on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-arresting or re-detaining Petition absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to

---

[2] In light of the parties' request that the Court reach the merits of the Petition and in the interests of judicial economy, the Court declines to reach the merits as to the other claims in the petition.

the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

4. This Order resolves all other pending Motions.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: **February 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Singh26cv00732.hp_v1